IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LIONEL ANTHONY WILSON,           )
                                 )
        Petitioner,               )
                                 )
                                 )     CIV-10-546-W
v.                               )
                                 )
MIKE ADDISON, Warden,            )
                                 )
        Respondent.              )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for Burglary in the First Degree, Robbery with a Firearm (three counts), and Kidnapping (three counts) entered in the District Court of Oklahoma County, Case No. CF-2007-2470. Respondent has responded to the Petition and filed the relevant state court records, including a copy of the trial transcript (hereinafter "TR__"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

I. History

In an Amended Information filed August 29, 2007, in the District Court of Oklahoma County, Case No. CF-07-2470, Petitioner was charged with eight offenses, including one count of Burglary in the First Degree, three counts of Robbery with a Firearm, three counts

1

of Kidnapping, and one count of Possession of a Firearm after previous conviction of a felony. Counsel was appointed to represent Petitioner, and on January 15, 2008, a jury trial was conducted on the first seven charges.[1] At the trial, two witnesses testified that they rented an apartment together at the Country Club Apartments in Oklahoma City. On April 17, 2008, they were watching television when Petitioner knocked on the door and asked to use the telephone. One of the victims told Petitioner he had no phone, and as the victim was closing the door Petitioner forced the door open and entered the apartment. Petitioner pointed a handgun at the victims, told them it was a robbery, and forced them to take off all of their clothing. Petitioner ordered these two victims and a third victim, who had been sleeping in a bedroom in the apartment, to give him their money. Petitioner ordered the third victim to take off his clothing, but the third victim did not remove his clothing. Petitioner took $5.00 from one victim, $200.00, a chain necklace, and a bank card from the second victim, and $70.00 and a video game system from the third victim. TR 26-29, 46-49, 52, 66-67. The three victims were forced into a bathroom in the apartment at gunpoint, and Petitioner then rummaged through the apartment. TR 52-53. Petitioner told the victims his name was "Loco, Neighborhood 27" and that he robbed and killed. TR 33. Petitioner left the apartment with the victims' money and property. Petitioner then returned to the apartment briefly to advise the victims he would "com[e] back shooting" if he saw police officers. TR 34. The victims testified that Petitioner was in the apartment for approximately 20 minutes.

---

[1] Although the record is not clear, it appears the prosecution dismissed count eight, the felon in possession charge, prior to the trial.

TR 35, 55-56.

The manager of the Country Club Apartments testified that she knew Petitioner as "Loco" and that Petitioner frequently visited tenants in the complex. TR 77-78. A police officer testified that she arrested Petitioner on April 20, 2008. TR 86. At the time of the arrest, the officer testified she advised Petitioner he was under arrest for three counts of armed robbery. According to the officer, Petitioner responded, "[T]hat's [expletive omitted], I'm banned from the property." TR 82. When she asked Petitioner to which apartments he was referring, Petitioner responded, "Country Club Apartments." TR 82. The officer testified she did not know at that time "the significance of the Country Club Apartments" but that the Country Club Apartments were less than 300 feet from the place where she arrested Petitioner. TR 82-83.

The jury returned a verdict of guilty on the seven offenses and recommended sentences of seven years of imprisonment on the burglary count, five years of imprisonment on each of the robbery counts, and two years of imprisonment on each of the kidnapping counts. Original Record, at 96-98. Petitioner was sentenced on February 20, 2008, consistent with the jury's recommendation, and the trial court ordered the sentences to run consecutively. Original Record, at 99-102.

Petitioner appealed the convictions. He asserted that the prosecution did not present sufficient evidence to demonstrate beyond a reasonable doubt that Petitioner committed the robbery and kidnapping offenses. Petitioner also asserted that he was convicted of multiple punishments for the same offenses in violation of state and federal constitutional prohibitions

3

against double jeopardy. Finally, Petitioner asserted that the trial court abused its discretion by ordering that Petitioner's sentences run consecutively, rather than concurrently, and imposed excessive and disproportionate sentences in violation of the Eighth Amendment. Response, Ex.1. The State opposed each of these arguments. Response, Ex. 2. In an unpublished opinion issued February 26, 2009, the Oklahoma Court of Criminal Appeals ("OCCA") rejected these arguments and affirmed Petitioner's convictions and sentences. Response, Ex. 3.

In his Petition, Petitioner asserts the same four grounds for relief that he urged in his direct appeal. In response, Respondent contends that Petitioner is not entitled to habeas relief.

II. Standard of Review

Because Petitioner's claims were denied by the OCCA on their merits, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard for reviewing his claims. Under the AEDPA, habeas relief may be awarded if the state appellate court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The AEDPA directs courts to "ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)). If there is no clearly established federal law in Supreme Court cases involving facts that are closely-related or

similar to those in the case being reviewed, the court need not assess whether the state court's holding was "contrary to" or an "unreasonable application" of established federal law. House v. Hatch, 527 F.3d 1010, 1016-1017 (10th Cir. 2008)(interpreting Carey v. Musladin, 549 U.S. 70 (2006)), cert. denied, __ U.S. __, 129 S. Ct. 1345 (2009). A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Williams, 529 U.S. at 405-406, 413.

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003). With respect to the "unreasonable application" requirement, "it is the habeas applicant's burden to show that the state court applied [the Supreme Court precedent] to the facts of his case in an objectively unreasonable manner," not merely that the state court decision applied the Supreme Court case incorrectly. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(*per curiam*). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted).

III. Sufficiency of the Evidence

Petitioner asserts that there was insufficient evidence to support his Robbery with a

Firearm convictions. Petitioner repeats the argument he presented in his direct appeal that "[d]espite the testimony by the apartment occupants that [Petitioner] took money, a PlayStation, and a chain from them, this money or property was not recovered when [Petitioner] was arrested . . . . Further, Sergeant Roush never testified that a weapon was discovered." Petition, 3; Response, Ex. A ("Brief of Appellant"), at 6.

Judicial review of Petitioner's habeas challenge to the sufficiency of the evidence presented at trial "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." Herrera v. Collins, 506 U.S. 390, 402 (1993). For habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996)(quoting Jackson). Both direct and circumstantial evidence is considered in determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299, 1312 (10th Cir.), cert. denied, 523 U.S. 1110 (1998). In applying this standard, the reviewing court "may not weigh conflicting evidence nor consider the credibility of witnesses," but the court must "'accept the jury's resolution of the evidence as long as it is within the bounds of reason.'" Messer, 74 F.3d at 1013 (quoting Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993)).

In this case, the sufficiency of the evidence inquiry is based on Oklahoma law which defines the substantive elements of the crime. Jackson, 443 U.S. at 309, 324 n.16. Robbery

is defined in Oklahoma as "a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Okla. Stat. tit. 21, § 791. Robbery with a dangerous weapon is any robbery committed with "any firearms or any other dangerous weapons...." Okla. Stat. tit. 21, § 801. Applying the Jackson standard, the OCCA found that the evidence presented at trial was sufficient to prove the elements of the Robbery with a Firearm offenses. The testimony of the three robbery victims, as summarized earlier, provided more than sufficient evidence for a rational jury to have found Petitioner guilty of the three Robbery with a Firearm offenses beyond a reasonable doubt. Accordingly, Petitioner has failed to demonstrate that the OCCA's rejection of this claim was contrary to or an unreasonable application of the governing Jackson standard.

Petitioner contends in ground two that there was not sufficient evidence of the three offenses of Kidnapping presented to the jury. In Oklahoma, the elements of Kidnapping are forcible seizure and confinement of another against the person's will. Okla. Stat. tit. 21, §741. The OCCA rejected this claim in Petitioner's appeal. Applying the Jackson standard, the OCCA found that the evidence presented at Petitioner's trial was sufficient to prove the elements of the Kidnapping offenses beyond a reasonable doubt. Considering the testimony of the three victims, as summarized earlier, a rational jury could have found there was sufficient evidence to find Petitioner guilty of the Kidnapping offenses beyond a reasonable doubt. See Hawkins v. State, 891 P.2d 586, 591 (Okla. Crim. App. 1994)(evidence that victims were confined to bedroom of house by intruder was sufficient to support conviction

for Kidnapping for Extortion), cert. denied, 516 U.S. 977 (1995); Turner v. State, 876 P.2d 1251, 1255 (Okla. Crim. App.)(actions which restricted victim's movement were sufficient to constitute confinement for purposes of Kidnapping for Extortion offense; transportation of victim is not required), cert. denied, 498 U.S. 828 (1990).  Therefore, Petitioner is not entitled to habeas relief.

IV. Double Jeopardy

In ground three, Petitioner contends that his constitutional and state-created rights under Okla. Stat. tit. 21, § 11(A) prohibiting double jeopardy were violated when he was convicted of the seven charges "because the events constituted a single criminal act . . . ." Petition, at 4.

In Petitioner's direct appeal, the OCCA rejected this double jeopardy claim in a one-sentence conclusion.  The court found that Petitioner was not denied "his statutory right to be free from Double Punishment nor his Constitutional right to be free from Double Jeopardy by his convictions for Robbery with a Firearm and Kidnapping." Response, Ex. 3, at 2 (citing Davis v. State, 993 P.2d 124, 126 (Okla. Crim. App. 1999), and Mooney v. State, 990 P.2d 875, 883 (Okla. Crim. App. 1999).[2]  Petitioner has not shown that this conclusion was an unreasonable application of Supreme Court jurisprudence.

The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, "consist[s] of three separate constitutional protections,"

---

[2]Although the OCCA did not expressly mention the burglary offense, it appears the OCCA impliedly rejected Petitioner's double jeopardy claim as to all of the convictions.

8

including "protect[ion] against a second prosecution for the same offense after acquittal," "protect[ion] against a second prosecution for the same offense after conviction," and "protect[ion] against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969). Petitioner's allegations are directed to the Clause's protection against multiple punishments.

The Double Jeopardy Clause's protection against cumulative punishments "is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." Ohio v. Johnson, 467 U.S. 493, 499 (1984). Consequently, "the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." Id. The OCCA clearly expressed its conclusion that the Oklahoma legislature, consistent with the Oklahoma Constitution and Okla. Stat. tit. 21, §11, intended to allow Petitioner's convictions for the multiple offenses. This conclusion is not subject to habeas review. Estelle v. McGuire, 502 U.S. 62, 68 (1991)(recognizing that federal habeas courts have no authority to reexamine state court interpretations of state laws). Where legislative intent is clear, the test established in Blockburger v. United States, 284 U.S. 299 (1932), is applied. Under Blockburger, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 304. See Davis, 993 P.2d at 125 n. 1 ("In cases of multiple punishment in a single trial, this Court utilizes the 'same evidence' test (whether each offense contains an element not contained in the other).").

9

A kidnapping offense required the jury to find the elements of (1) an unlawful (2) forcible seizure and confinement (3) of another (4) against the person's will. Okla. Stat. tit. 21, § 741. A burglary offense required the jury to find the elements of (1) breaking and (2) entering (3) a dwelling (4) of another (5) in which a human is present (6) with intent to commit some crime therein and (7) armed with a dangerous weapon. Okla. Stat. tit. 21, §1431(2). A robbery offense required the jury to find the elements of (1) a wrongful taking (2) of personal property (3) of another (4) from his person or immediate presence (5) against his will (6) with the use of a firearm or other dangerous weapon. Okla. Stat. tit. 21, §§ 791, 801.

Because each of these offenses requires proof of an element that the others do not, Petitioner's convictions for these offenses do not violated the constitutional prohibition against multiple punishments under the Double Jeopardy Clause of the Fifth Amendment. The OCCA's rejection of Petitioner's double jeopardy claim in his direct appeal was not contrary to or an unreasonable application of the controlling <u>Blockburger</u> standard, and Petitioner is not entitled to habeas relief concerning this claim.

V. <u>Excessive Sentences - Consecutive or Concurrent Sentences</u>

Petitioner's fourth and final claim is that the trial court abused its discretion in ordering Petitioner's sentences to run consecutively, rather than concurrently, "resulting in an excessive sentence." Petition, at 4. The OCCA rejected this claim in Petitioner's direct appeal. The OCCA reasoned that Petitioners "sentences were within the range of punishment prescribed by statute. [Petitioner] was convicted of three crimes, two of which were violent

10

and were committed against three separate victims. The sentences imposed do not shock the conscience of the Court and were not excessive." Response, Ex. 3, at 2.

"A gross disproportionality principle is applicable to sentences for terms of years." Lockyer v. Andrade, 538 U.S. 63, 72 (2003). "[T]he Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime." Ewing v. California, 538 U.S. 11, 21 (2003). In considering the proportionality of a sentence, a state trial court's sentencing decision is accorded "wide discretion," and "challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000), cert. denied, 534 U.S. 887 (2001). "The Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence for multiple crimes." Hawkins v. Hargett, 200 F.3d 1279, 1285 n. 5 (10th Cir. 1999), cert. denied, 531 U.S. 830 (2000).

As the OCCA found, Petitioner's sentences for each of his seven convictions were within the range of punishment for the offenses. Thus, his sentences were not "grossly disproportionate" and do not violate the Eighth Amendment. See United States v. Gillespie, 452 F.3d 1183, 1190 (10th Cir.)("Generally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment."), cert. denied, 549 U.S. 1063 (2006). Petitioner is not entitled to habeas relief as to this claim.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by     September 29th    , 2010, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    9th    day of    September   , 2010.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE