FILED
OCT 15 2010
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

LONIEL ANTHONY WILSON, )
)
Petitioner, )
)
vs. ) No. CIV-10-546-W
)
MIKE ADDISON, Warden, )
)
Respondent. )

## ORDER

On September 9, 2010, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Loniel Anthony Wilson be denied. Wilson was advised of his right to object to the Report and Recommendation, but he has filed no objections within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of this matter. Wilson was charged by amended information filed on August 29, 2007, in the District Court for Oklahoma County, Oklahoma, with one (1) count of burglary in the first degree (21 O.S. § 1431), three (3) counts of robbery with a firearm (21 O.S. § 801), and three (3) counts of kidnapping (21 O.S. § 741). On January 14 and 15, 2008, a jury trial was conducted,[1] and the jury returned a verdict of guilty on each offense and recommended sentences of seven (7) years of imprisonment on the burglary count, five (5) years of imprisonment on each of the three (3) robbery counts and two (2) years imprisonment on each of the three (3) kidnapping counts.

---

[1] Wilson had also been charged with one (1) count of possession of a firearm, after previous conviction of a felony. That charge was not presented to the jury.

On February 20, 2008, the trial court judge, the Honorable Virgil C. Black, Judge for the District Court of Oklahoma County, Oklahoma, sentenced Wilson in accordance with the jury's recommendation and ordered that the sentences run consecutively. State v. Wilson, No. CF-2007-2470.

Wilson appealed, and in an unpublished opinion issued on February 26, 2009, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Wilson's convictions and sentences. Wilson v. State, No. F-2008-169 (Okla. Crim. February 26, 2009).

In the instant Petition, Wilson has asserted the same grounds that he raised on appeal. He has contended that there was insufficient evidence to support the robbery and kidnapping offenses and that he is suffering multiple punishments for the same offense. He has also contended that Judge Black abused his discretion when he ordered that the sentences be served consecutively, rather than concurrently, "resulting in an excessive sentence."

Because the OCCA addressed and rejected Wilson's claims on their merits, this Court may only grant habeas relief if the OCCA's adjudication of Wilson's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2). Thus, Wilson is entitled to federal habeas relief only if he has demonstrated that the OCCA's adjudication of his claims "was 'legally or factually unreasonable.'" Gipson v. Jordan, 376 F.3d 1193, 1197-98 (10th Cir. 2004) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

2

In applying the foregoing standards, the Court finds the OCCA's rejection of Wilson's challenges to the sufficiency of the evidence in support of his convictions on the three (3) charges of robbery with a firearm and on the three (3) charges of kidnapping was neither contrary to, nor an unreasonable application of, Supreme Court precedent, and in particular, the standard articulated in Jackson v. Virginia, 443 U.S. 307, 319 (1979) (relevant question is whether, after viewing evidence in light most favorable to prosecution, any rational trier of fact could have found essential elements of crime beyond a reasonable doubt).

The Court likewise finds that the OCCA's decision that Wilson's convictions did not violate the prohibition against multiple punishments grounded in the double jeopardy clause of the fifth amendment to the United States Constitution was not unreasonable in light of extant Supreme Court case law. E.g., Blockberger v. United States, 284 U.S. 299 (1932).

As to Wilson's claim that Judge Black imposed an excessive sentence in violation of the eighth amendment to the United States Constitution, the OCCA opined that Wilson's

> sentences were within the range of punishment prescribed by statute. [He] . . . was convicted of three crimes, two of which were violent and were committed against three separate victims. The sentences imposed do not shock the conscience of the Court and were not excessive.

Wilson v. State, No. F-2008-169, slip op. at 2 (Okla. Crim. February 26, 2009)(citation omitted).

The Court agrees. The sentences imposed were within the range of punishment for the offenses of which Wilson was convicted; therefore, they did not violate "'the [e]ight amendment['s] prohibit[ion] [against the] imposition of a sentence that is grossly

3

disproportionate to the severity of the crime.'" Ewing v. California, 538 U.S. 11, 21 (2003) (quoting Rummel v. Estelle, 445 U.S. 263, 271 (1980)).

Because Wilson has advanced no grounds that warrant federal habeas relief, the Court

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 16] issued on September 9, 2010;

(2) DENIES Wilson's Petition file-stamped May 21, 2010; and

(3) ORDERS that judgment in favor of respondent Mike Addison, Warden, issue forthwith.

ENTERED this 15th day of October, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE